UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HOLCIM-MAMR, INC.,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-5382** |
| **COMMON CONSTRUCTION, LLC, ET AL.,**<br>    **Defendants** | **SECTION: "E" (1)** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss Plaintiff's Amended and Supplemental Complaint Pursuant to Rules 12(b)(3) and 12(b)(6) (the "motion") filed by Defendant FCCI Insurance Company ("FCCI").[1] FCCI seeks to dismiss the action filed by Plaintiff, HOLCIM-MAMR, Inc., for improper venue and failure to state a claim against FCCI upon which relief can be granted.[2] For the reasons that follow, FCCI's 12(b)(3) and 12(b)(6) motions are **DENIED**.

## BACKGROUND

Defendant Common Construction, LLC ("Common Construction") contracted with the Army Corps of Engineers to perform levee and dam work in Red River Parish, Louisiana.[3] Common Construction's sole member is Defendant Stephen Daniel Bryant.[4] Plaintiff supplied construction materials to Common Construction on open account through a credit agreement.[5] Pursuant to the Miller Act,[6] Common Construction was required to furnish a payment bond "for the protection of all persons supplying labor and

---

[1] R. Doc. 17.
[2] *See generally id.*
[3] R. Doc. 17-2 at p. 1.
[4] R. Doc. 13 at p. 2.
[5] *Id.* at p. 3.
[6] 40 U.S.C. §§ 3131 et seq.

1

material in carrying out the work provided for" in its contract with the government.[7] Defendant FCCI issued that payment bond on behalf of Common Construction.[8]

On September 19, 2023, Plaintiff sued Defendants in this Court, bringing claims against each related to Common Construction's failure to pay an invoice for the construction materials provided.[9] On November 20, 2023, FCCI filed its first Motion to Dismiss Pursuant to Rule 12(b)(3) and 12(b)(6).[10] Plaintiff moved for leave to file an amended complaint.[11] The Court granted that motion, and, accordingly, denied FCCI's motion to dismiss as moot.[12] Plaintiff filed its Amended and Supplemental Complaint for Suit on Open Account ("Amended Complaint") on November 30, 2023.[13]

On December 14, 2023, FCCI filed this motion to dismiss, again asserting dismissal is warranted for improper venue and Plaintiff's failure to state a claim upon which relief can be granted.[14] Plaintiff filed its opposition on February 6, 2024,[15] and FCCI replied on February 9, 2024.

## LAW AND ANALYSIS

FCCI moves this Court to dismiss the case for improper venue, or, alternatively, for failure to state a claim.

---

[7] *Id.* § 3131(b)(2); R. Doc. 13 at pp. 3–4. s
[8] R. Doc. 17-1 at pp. 1–2.
[9] *See generally* R. Doc. 1.
[10] R. Doc. 6.
[11] R. Doc. 7.
[12] R. Doc. 12.
[13] R. Doc 13.
[14] *See generally* R. Doc. 17.
[15] R. Doc. 21.

>    I.  **This Court is the proper venue because FCCI is bound by the forum selection clause executed by Common Construction and Plaintiff.**

Through its pleadings, FCCI makes two arguments for the proposition that this Court is a court of improper venue.[16] First, FCCI argues that none of the provisions of 28 U.S.C. § 1391(b)[17] is satisfied by venue in the Eastern District of Louisiana. Second, FCCI argues that, because it provided a Miller Act payment bond for Common Construction, venue is dictated by the Miller Act, which requires that a subcontractor, like Plaintiff, must file suit "in the United States District Court for any district in which the contract was to be performed and executed, regardless of the amount in controversy."[18] As the work was done in Red River Parish,[19] FCCI argues that only the Western District of Louisiana[20] is the proper venue.

In opposition, Plaintiff argues that the standard venue provisions of § 1391(b) *are* satisfied, and, regardless, FCCI agreed to venue in the Eastern District of Louisiana by the "terms of the operative agreement between the parties"—that is, the contract between Common Construction and Plaintiff.[21] The relevant provision reads:[22]

> [Common Construction] irrevocably submits and agrees to the jurisdiction of the state and federal courts of the Governing State. [In any] action, suit or proceeding related to, or in connection with, the Sales Agreement and, to the extent permitted by applicable law, [Common Construction] waives and agrees not to assert as a defense in any such action, suit or proceeding any claim

---

[16] *See* R. Doc. 17-1 at pp. 3–6; R. Doc. 23 at pp. 1–4.
[17] Permitting a civil action to be filed in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;" "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;" or "if there is no district in which an action may otherwise be brought as provided in [§ 1391(b)(1)–(2)], any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."
[18] 40 U.S.C. § 3133(b)(3)(B).
[19] R. Doc. 17-1 at p. 1.
[20] *See Clerk's Office,* U.S. District Court, Western District of Louisiana, https://www.lawd.uscourts.gov/clerks-office [https://perma.cc/PRR4-W4L5] (last visited Apr. 3, 2024).
[21] R. Doc. 21 at pp. 4–6.
[22] The Court has modified the formatting for clarity.

(i) that [Common Construction] is not personally subject to the jurisdiction of the state and federal courts in the Governing State;
(ii) that the venue of the action, suit or proceeding is improper;
(iii) that the action, suit or proceeding is brought in an inconvenient forum; or
(iv) that the subject matter of the Sales Agreement may not be enforced in or by the state or federal courts of the Governing State.[23]

Under the contract, the "Governing State" is "the state of the transaction's point of sale."[24] There is no dispute that the Governing State is Louisiana.

In response to this, FCCI does not argue that the contract's forum selection clause is invalid; it instead argues it "is not a party to" the contract between Plaintiff and Common Construction, and thus "never acquiesced or consented to be bound by its terms."[25] FCCI again urges that the proper venue is the Western District of Louisiana by the terms of the Miller Act, which "must be strictly construed."[26]

"[W]hile a Miller Act surety is not a party to a contract between a subcontractor and a contractor . . . it nonetheless stands in the shoes of the contractor and is bound by its dealings"[27] in most instances, including issues of venue.[28] And indeed, a Miller Act contractor and subcontractor can contract around § 3133(b)(3)(B), the Miller Act's venue provision, as "like any other conventional venue provision[,] it can be contractually

---

[23] R. Doc. 13-4 at p. 13.
[24] *Id.*
[25] R. Doc. 23 at p. 3.
[26] R. Doc 2 at p. 3. (citing *U.S. for Use & Benefit of Harvey Gulf Int'l Marine, Inc.* v. *Maryland Cas. Co.*, 573 F.2d 245, 248 (5th Cir. 1978)).
[27] *Jems Fabrication, Inc., USA v. Fid. & Deposit Co. of Maryland,* 566 Fed. Appx. 298, 302 (5th Cir. 2014) (citing *U.S. for Use & Benefit of Portland Constr. Co. v. Weiss Pollution Control Corp.*, 532 F. 2d 1009, 1012 (5th Cir. 1976); *U.S. for Benefit & on Behalf of Sherman v. Carter*, 353 U.S. 210, 217–18 (1957)).
[28] *U. S. for Use & Benefit of Fireman's Fund. Ins. Co. v. Frank Briscoe Co., Inc.*, 462 F. Supp. 114, 117 (E.D. La. 1978) (citations omitted) ("[T]he surety generally stands in the shoes of its principal with regard to the overall course of dealing that has taken place between the principal and a subcontractor, even though the surety was not a party to this course of dealing. . . . The surety, like its principal, could have waived the Miller Act venue in advance directly. Holding the surety to its principal's agreement to do so thus does not reach a proscribed result.")

waived by a valid forum selection clause."[29] In this case, Common Construction and Plaintiff did so, contracting for venue in *any* federal court in Louisiana and agreeing that no party would assert "that the venue of the action, suit or proceeding is improper."[30] This provision binds FCCI, which "stands in the shoes of" Common Construction and is "bound by its dealings" regarding forum selection.[31] Thus, based on the parties' forum selection clause, any of the three federal district courts in Louisiana is a proper venue for this action. The Court denies FCCI's motion to dismiss for improper venue under Rule 12(b)(3) and will now consider its Rule 12(b)(6) motion to dismiss for failure to state a claim.

## II. Plaintiff has stated a Miller Act claim upon which relief can be granted.

Plaintiff's Amended Complaint asserts three causes of action: a Louisiana state-law suit on open account against Common Construction and FCCI; a state-law suit on personal guarantee against Bryant, Common Construction's sole member; and a claim of unjust enrichment, seeking a remedy of quantum meruit, against Common Construction and Bryant.[32] The Complaint does not specify whether the claim for quantum meruit falls under state law or the Miller Act.

FCCI's motion correctly asserts that the project at issue "is subject to the terms of the Miller Act," as Common Construction was the general contractor on a federal

---

[29] *United States v. Miller-Stauch Const. Co., Inc.*, 904 F. Supp. 1209, 1213 (D. Kan. 1995) (citations omitted); *see also In re Fireman's Fund Ins. Companies, Inc.*, 588 F.2d 93 (5th Cir. 1979) (citing *F.D. Rich Co. v. United States*, 417 U.S. 116 (1974)) ("[I]t must be remembered that [§ 3133(b)(3)(B)'s predecessor subsection] is not jurisdictional but only a venue provision.")
[30] R. Doc. 13-4 at p. 13. The Court notes that the contract also allows for the state courts of Louisiana as a forum, but a state court suit would be void against FCCI, as "Congress vested exclusive jurisdiction over Miller Act suits in federal courts." *U. S. Fid. & Guar. Co. v. Hendry Corp.*, 391 F.2d 13 (5th Cir. 1968). This is no matter in this case, as the action was filed in federal court.
[31] *Jems Fabrication*, 566 Fed. Appx. at 302.
[32] *See* R. Doc. 13.

5

construction project falling within the act's ambit.[33] As the Miller Act "is the exclusive remedy available to a supplier against a surety,"[34] FCCI argues that Plaintiff's state law claims against it are void.[35] FCCI also argues that "even if" Plaintiff's Amended Complaint "contained [a Miller Act] claim," it is barred by the Miller Act's statute of limitations.[36]

### A. The Rule 12(b)(6) standard.

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[37] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[38] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[39] The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[40] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[41]

---

[33] R. Doc. 17-1 at p. 7; *see* R. Doc. 13 pp. 1–4; *see* 40 U.S.C. § 3131.
[34] *U.S. ex. rel Cal's A/C & Elec. v. Famous Const. Corp.*, 220 F.3d 326, 329 n.8 (5th Cir. 2000))
[35] *See* R. Doc. 17-1 at pp. 9–11; *see also Greenup Indus. LLC v. Five S Grp., LLC*, 2023 WL 2540287, at *5 (E.D. La. Mar. 16, 2023) (Fallon, J.).
[36] R. Doc. 17-1 at p. 8.
[37] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[38] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[39] *Id.*
[40] *S. Christian Leadership Conf. v. Sup. Ct. of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[41] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).

6

In sum, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[42] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]'—that the pleader is entitled to relief."[43] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[44]

### B. Plaintiff has brought a Miller Act claim against FCCI.

"The Miller Act represents a congressional effort to protect persons supplying labor and material for the construction of" federal projects.[45] "The essence of its policy is to provide a surety who, by force of the Act, must make good the obligations of a defaulting contractor to his suppliers of labor and material."[46] Because the Miller Act "is highly remedial in nature," it "is entitled to a liberal construction and application . . . to effectuate" Congress's "intent to protect those whose labor and materials go into public projects."[47] In light of this standard, the Court will liberally construe Plaintiff's Amended Complaint as bringing a Miler Act claim against FCCI, surety for Common Construction, and accordingly consider FCCI's arguments that any Miller Act claim is time-barred.

### C. On the face of the Complaint, the Court cannot rule that Plaintiff's Miller Act claims are time-barred.

The Miller Act requires that "[a]n action brought under [the Act] must be brought no later than one year after the day on which the last of the labor was performed or

---

[42] *Twombly*, 550 U.S. at 555.
[43] *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).
[44] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).
[45] *Sherman*, 353 U.S. at 216.
[46] *Id.* at 216–17.
[47] *Clifford F. MacEvoy Co. v. U.S. for Use & Benefit of Calvin Tomkins Co.*, 322 U.S. 102, 107 (1944) (citing *Fleisher Eng'g & Constr. Co. v. U.S., for Use & Benefit of Hallenbeck*, 311 U.S. 15 (1940)).

material was supplied by the person bringing the action."[48] FCCI argues that Plaintiff's claims violated this rule and are time-barred.[49]

According to the Amended Complaint, the "overdue invoice" issued to Common Construction was dated December 17, 2021, and set an amount due for "barge demurrage for vessels identified" on a schedule attached thereto.[50] The latest date on that schedule is December 1, 2021.

To succeed on its 12(b)(6) argument concerning the Miller Act's statute of limitations, FCCI must show that "it is apparent from the face of the complaint that the matter necessarily falls outside the statute of limitations."[51] It is not apparent on the face of the Amended Complaint and attachments, however, that December 1, 2021, was the "day on which the last of the labor was performed or material was supplied by" Plaintiff.[52] In any event, an affirmative defense as to "the statute of limitations is normally 'an issue that must be resolved through discovery and summary judgment or trial.'"[53] At the 12(b)(6) stage, Plaintiff's allegations in the Amended Complaint are enough "to draw the reasonable inference that the defendant is liable for the misconduct alleged," and the Court does not find that the complaint "on its face show[s] a bar to relief."[54] Accordingly,

---

[48] 40 U.S.C. § 3133(b)(4).
[49] R. Doc. 17- at pp. 8–10. FCCI asserts another theory that is irrelevant here. By its plain terms, the 90-day notice rule of § 3133(b)(2) applies only to so-called "sub-subcontractors," persons "having a direct contractual relationship with a subcontractor but *no* contractual relationship, express or implied, with the contractor furnishing the payment bond." (Emphasis added.) By all accounts, including FCCI's, Plaintiff had a contractual relationship with Common Construction, the principal that furnished the payment bond. (R. Doc. 17-1 at pp. 1–2.) As the 90-day notice requirement does not apply to Plaintiff, the Court will not consider FCCI's argument regarding the same. (R. Doc. 17-1 at pp. 8–9.)
[50] R. Doc. 13 at p. 4.
[51] *United States for Use & Benefit of Top Flight Steel, Inc. v. Enter. Precast Concrete of Texas, LLC*, 2023 WL 4553629, at *13 (E.D. Tex. June 15, 2023), *report and recommendation adopted*, 2023 WL 4552286 (E.D. Tex. July 14, 2023).
[52] *See* § 3133(b)(4).
[53] *Dollery v. Post Acute Med. Mgmt., LLC*, 2022 WL 161333, at *1 (S.D. Tex. Jan. 18, 2022) (quoting *Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011) (en banc)).
[54] *Cutrer*, 308 F. App'x at 820 (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

the Court will deny FCCI's 12(b)(6) motion without prejudice to it being raised in a later motion for summary judgment once the parties have conducted discovery.

## CONCLUSION

For the foregoing reasons;

**IT IS ORDERED** that FCCI's 12(b)(3) motion to dismiss for improper venue is **DENIED WITH PREJUDICE**.[55]

**IT IS FURTHER ORDERED** that FCCI's 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is **DENIED WITHOUT PREJUDICE**.[56]

**New Orleans, Louisiana, this 5th day of April, 2024.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[55] R. Doc. 17.
[56] *Id.*